IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
Case No. 14-CR-175-01-RJA

UNITED STATES OF AMERICA

v.

LISA MILLER,
    Defendant.

## DEFENDANT LISA MILLER'S MEMORANDUM REGARDING PROPOSED JURY INSTRUCTION ON AFFIRMATIVE DEFENSE

NOW COMES, Defendant Lisa Miller, by and through Counsel, submits this Memorandum related to the Court's request for Proposed Jury Instructions.

The Defendant has reviewed the Government's Proposed Jury Charge (DE 300). The Defendant does not object to the Government's Proposed Requests No. 1 through 29, except Request No. 28. This Memorandum focuses on the proper charge for the affirmative defense the Defendant has noticed.

The Defendant does not oppose the majority of the Government's proposed language in Request No. 28. The Defendant submits that the Government's proposed language lacks necessary language regarding reasonable belief and domestic violence.

    **A.    Proof of Domestic Violence and Standard of Reasonable Belief of an Incidence or Pattern of Domestic Violence**

The federal International Parental Kidnapping statute found at 18 U.S.C. § 1204(c)(2) states that it shall be an affirmative defense under 18 U.S.C. § 1204,

1

International parental kidnapping, that the Defendant was fleeing an incidence or pattern of domestic violence. 18 U.S.C. § 1204(c)(2).

A crime a violence, pursuant to United States Criminal Code, is an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or an offense that by its nature involves a **substantial risk** that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 16. *See also* U.S. v. Huong Thi Kim Ly, 507 Fed.Appx. 12 (2013) (emphasis added).

The definition of "crime of violence" is incorporated in several statutes into the term "domestic violence." *See, e.g.,* 8 U.S.C. § 1227(a)(2)(E)(i) (defining "crime of domestic violence" in context of immigration laws as- a "crime of violence (as defined in section 16 of Title 18)" against a person committed by a current or former spouse or similarly-related individual); 18 U.S.C. § 2261(a) (defining "interstate domestic violence" as a crime where a person with the requisite intent and relationship to the victim "commits or attempts to commit a crime of violence"); *Id.* § 3561(b) (defining "domestic violence crime" as a "crime of violence" against a current or former spouse or similarly-related individual); 42 U.S.C. *14*§ 13925(a)(6) (defining "domestic violence," for purposes of subchapter III of Chapter 136 of Title 42, as "crimes of violence" committed by a current or former spouse or similarly-related individual). *See also* U.S. v. Huong Thi Kim Ly, 507 Fed.Appx. 12 (2013).

2

In its Memorandum (DE 301 at p. 3, footnote 2), the Government acknowledges that at the time of the passage of 18 U.S.C. § 1204, some states recognized domestic violence as a defense to the crime of parental kidnapping, which was a criminal offense in all fifty states.  As the Government notes, some of these defenses included a reasonable element.  The Florida enacted statute stated, "This section shall not apply in cases where a spouse who is the victim of any act of domestic violence or who has **reasonable cause to believe** he or she is about to become the victim of any act of domestic violence … seeks shelter from such acts or possible acts and takes with him or her any child 17 years of age or younger." (emphasis added)  Fla. Stat. Ann. § 787.03(6) (2000).   The Minnesota enacted statute stated, "It is an affirmative defense if a person charged … **reasonably believed** the action taken was necessary to protect the person taking the action from physical or sexual assault." (emphasis added)  Minn. Stat. Ann. § 609.26.  California Penal Code excluded from liability a person "with a right to custody of a child who has been a victim of domestic violence who, **with good faith and reasonable belief** that the child, if left with the other person, will suffer immediate bodily injury or emotional harm." (emphasis added)  Cal. Penal Code § 278.7(b) (1999).

Although the Government cites in its Memorandum the Ly case, (attached hereto as Exhibit A), the Government incorrectly suggests that the Second Circuit Court of Appeal's ruling did not address the propriety of instructing the jury on reasonable belief.  The Second Circuit actually has agreed with the analysis above and that it is

3

appropriate to include in the instruction to the jury that the jury should consider whether the Defendant can prove by a preponderance of the evidence that she held a reasonable belief of an incidence or pattern of abuse. In <u>Ly</u>, the Government appealed from the district court's granting of a new trial due to an improper jury instruction on the affirmative defense of fleeing an incidence or pattern of abuse. The Second Circuit affirmed the district court's granting of a new trial stating,

> We affirm the district court's grant of a new trial. We believe the district court was correct in its perception that its response to the jury's request for a more helpful definition of domestic violence, telling the jury no more than to use its common sense failed to give the jury appropriate guidance and potentially prejudiced defendant's case.

<u>Ly</u> *at. 13*.

In a footnote, the Second Circuit noted the Department of Justice's Office on Violence Against Women, which defined domestic violence to include purely emotional, economic or psychological abuse. *Id*. at 14. The Court acknowledged it was not clear whether a spouse's flight from purely emotional abuse unaccompanied by an incidence or threat of physical force, a defense of kidnapping. *Id.* But the Second Circuit specifically stated in that footnote: "Domestic violence must include the use of physical force and any threats, explicit or implicit, including gestures and psychological means that create a **reasonable fear of harm** in the victim." (emphasis added) *Id*.

As noted in her Memorandum in Support of Defendant's Lisa Miller's Motion for Pretrial Ruling: Notice of Potential Affirmative Defense und 18 U.S.C. 1204(c)(2) and Response to Government's Motion for Discovery) , at D.E. 289, p. 3-12 (filed under seal),

4

Ms. Miller will present evidence at trial of actual physical force and threats, both explicit and implicit against Ms. Miller by Ms. Jenkins. Ms. Miller will also present evidence of threats, both explicit and implicit by her former partner to remove Ms. Miller's daughter from Ms. Miller's custody and that Ms. Miller would never see her biological daughter again. She will also describe the alarming and unusual changes in behavior of her daughter that were observed by Ms. Miller that caused Ms. Miller and others to form a reasonable belief of continuing harm to Ms. Miller's daughter.

> **B.     The Doctrine of Issue Preclusion Is Not Applicable to Prevent Ms. Miller from Presenting All Evidence of Domestic Abuse at Trial**

The Government also attempts to suggest to this Court that it should rule that the any prior findings related to domestic abuse in another court (i.e., Vermont) are binding in this case. That issue was previously addressed by the Defendant in her previously filed "Memorandum in Support of Defendant's Lisa Miller's Motion for Pretrial Ruling: Notice of Potential Affirmative Defense und 18 U.S.C. 1204(c)(2) and Response to Government's Motion for Discovery), at D.E. 289. Ms. Miller incorporates by reference her arguments the Doctrine of Issue Preclusion (see pages 17-25) should not prevent Miller from asserting her defense of fleeing an incidence or pattern of domestic violence under 18 USC 1204(c)(2) at trial in Federal District Court in New York.

## CONCLUSION

The Defendant recognizes the burden of proof is on the Defendant to prove by a preponderance of evidence this affirmative defense[1]. The Defendant has the burden to present the more convincing evidence, to prove that something is more than likely than not, and/or the greater weight of the evidence. In order to meet that burden, Ms. Miller respectfully submits that this Court should allow Ms. Miller to present evidence of the egregious nature of the pattern of conduct that included physical force, threats, explicit and implicit, and gestures and psychological means that created a reasonable fear of harm to Ms. Miller's biological daughter. Ms. Miller also requests that this Court amend the Government's proposed Jury Instruction on Proof of Domestic Violence and Standard of Reasonable Belief of an Incidence or Pattern of Abuse by including the following:

> "Domestic violence must include the use of physical force and any threats, explicit or implicit, including gestures and psychological means that create a **reasonable fear of harm** in the victim."

---

[1] Modern Federal Jury Instructions (Criminal) No. 42-22.

This the 3rd day of December, 2021.

| | |
|---|---|
| By: s/ Raymond J. Dague | s/ R. Daniel Boyce |
| Raymond J. Dague | |
| New York Bar No. 1242254 | R. Daniel Boyce |
| **Dague & Martin, P.C.** | NEXSEN PRUET, PLLC |
| 4874 Onondaga Road | 4141 Parklake Avenue, Suite 200 |
| Syracuse, New York 13215 | Raleigh, North Carolina 27612 |
| (315) 422-2052 | (919) 653-7825 |
| (315) 474-4334 (facsimile) | (919) 653-0435 (facsimile) |
| rjdague@daguelaw.com | dboyce@nexsenpruet.com |
| | |
| | *Pro Hac Vice* Admitted |

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, R. Daniel Boyce, hereby certify that on 3rd day of December, 2021 a true and correct copy of the foregoing was electronically filed with the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

JAMES P. KENNEDY, JR.
United States Attorney
PAUL J. VAN DE GRAAF
Special Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402
Paul.van.de.graaf@usdoj.gov

MICHAEL DIGIACOMO
Assistant U.S. Attorney
U.S. Attorney's Office
138 Delaware Avenue
Buffalo, NY 14202
michael.digiacomo@usdoj.gov

        R. Daniel Boyce
        NEXSEN PRUET, PLLC
        4141 Parklake Avenue, Suite 200
        Raleigh, North Carolina 27612
        (919) 653-7825
        (919) 653-0435 (facsimile)
        dboyce@nexsenpruet.com

        *Pro Hac Vice* Admitted